02D02-1911-PL-000439

Filed: 11/12/2019 4:31 PM
Clerk
Allen County, Indiana

Allen Superior Court 2

USDC IN/ND case 1:19-cv-00511-HAB-SLC   document 4   filed 11/12/19   page 1 of 6

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. _____ |

| | |
|---|---|
| 28TH STREET SUPERIOR HOSPITALITY INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

*Received*
*NOV 1 4 2019*
*C. Ray - Legal Litigation*

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, 28th Street Superior Hospitality Inc. ("28th Street"), by counsel, for its Complaint for Declaratory Judgment and Damages and Demand for Jury Trial, alleges and states the following:

### Nature of the Case

1. This is an action at law and in equity for damages and injunctive and/or declaratory relief arising out of the acts and omissions of Defendant.

2. Plaintiff brings this action pursuant to the common and statutory law of the State of Indiana.

### Jurisdiction and Venue

3. This Court has jurisdiction over Defendant in accordance with applicable constitutional principles and Rule 4.4, among others, of the Indiana Rules of Trial Procedure.

4. Venue is proper in this Court because the case arises out of damage to and indemnification regarding real property located in Allen County, Indiana and out of a comprehensive policy of insurance that was intended by all parties to insure Plaintiff's hotel property located in Allen County, Indiana.

## Parties

5. Plaintiff (hereinafter "28th Street") is a for-profit foreign corporation which, at all relevant times, owned and/or controlled real property situated in Indiana for which insurance coverage was sought from Defendant and which Defendant agreed to provide.

6. At all times relevant, Defendant, The Cincinnati Insurance Company (hereinafter "CIC") was an Ohio corporation authorized to transact business in the State of Indiana. Its registered agent for service of process is Jon Stowell, 101 W. Washington St., Suite 1100, Indianapolis, IN 46204.

## Factual Allegations

7. At all times relevant, Plaintiff owned, controlled, operated and/or had insurable interests in a hotel property located at 1619 W Washington Center Road, Fort Wayne, Indiana 46818, in Allen County (hereinafter the "Hotel" or the "Property").

8. CIC issued a comprehensive insurance policy (the "Policy") insuring the Hotel as well as numerous other properties. A true, accurate, and complete copy of the Policy, bearing Policy Number 07INN0000401, with effective dates of 12-18-2014 through 1-1-2016 is attached hereto and made a part hereof as **Exhibit A**.

9. The Property suffered a significant fire-related loss during the effective dates of the Policy (the "Loss").

10. The Loss was of the type of loss that was intended to be covered by the Policy.

11. The premium for the Policy was paid and Plaintiff has complied with all terms and conditions of the Policy.

12. Plaintiff submitted a claim under the Policy and reasonably expected prompt payment from CIC.

13. To date, CIC has failed to pay fully the amounts due and payable under the Policy.

14. More specifically, CIC has made an unfounded refusal to pay promised replacement cost benefits to the insured despite repeated demands for payment and despite Plaintiff having proven its entitlement to such benefits.

15. As a direct and proximate result of the actions and/or inactions of Defendant, Plaintiff has suffered and continues to suffer significant loss and damage over and above the damage caused by the Loss itself.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

16. Plaintiff incorporates by reference all of the above allegations.

17. Plaintiff had a contract with CIC when the Loss occurred.

18. CIC breached the insurance contract by failing to pay to Plaintiff the amounts due under the contract.

19. As a direct and proximate cause of CIC's breach of contract, Plaintiff has been denied significant policy benefits due under the contract.

20. As a further direct and proximate result of CIC's breach of contract, Plaintiff has suffered other reasonably contemplated damages, including without limitation incidental damages, consequential damages, lost business opportunity and profits, and prejudgment interest.

21. Further, as a direct and proximate result of CIC's breach of the insurance contract, Plaintiff has been forced to engage legal counsel and will be required to pay counsel for their services.

22. Plaintiff prays for judgment on this count in an amount to be determined by a jury at the trial of this matter.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

23. Plaintiff incorporates by reference all of the above allegations.

24. Plaintiff is entitled to a declaratory judgment from this court construing the Policy, including its endorsements, terms, limitations, and conditions, and including other written communications regarding the Policy, and the respective rights and responsibilities of the parties under the Policy, including without limitation whether CIC has any additional liability for the losses incurred by Plaintiff.

25. Plaintiff further requests any other relief the court deems equitable and proper, including, but not limited to, an award of attorney fees, interest, and costs.

## THIRD CAUSE OF ACTION

### (Breach of the Duty of Good Faith and Fair Dealing)

26. Plaintiff incorporates by reference all of the above allegations.

27. During the adjustment of the claims, CIC took an unreasonable and unfair approach to determining the terms and endorsements of the insurance policy, which to date have had the effect of denying promised replacement cost coverage to the insured. CIC's position contravened the terms contained in the communications to Plaintiff, to Plaintiff's detriment. CIC also unreasonably refused to communicate their coverage position to Plaintiff, unreasonably delayed the claim, and unreasonably interpreted the terms of the insurance policy.

28. CIC lacked reasonable justification for its actions, or, in the alternative, should have realized that its construction of the Policy was at odds with another reasonable construction of the Policy that would have entitled the insured to significant additional payments for the Loss.

29. CIC placed its interests before the interests of the insured, and unfairly refused to pay policy benefits to which Plaintiff was and is entitled. CIC has made an unfounded refusal to pay policy proceeds to which Plaintiff was and is entitled.

30. CIC acted with malice, fraud, gross negligence, and/or oppressiveness with respect to Plaintiff's claims.

31. CIC has sought to intentionally delay and frustrate the claim process by repeatedly requesting information and documents from the insured even after being told, repeatedly, that all available information responsive to CIC's broad requests had been provided to the best of the insured's ability. In other words, CIC has effectively imposed conditions on payment that are not included in the Policy.

32. Upon information and belief, and subject to the right to conduct reasonable discovery, CIC has a history of engaging in such conduct with respect to large losses and its business model depends on delaying or denying otherwise valid claims such as the one at issue here.

33. As a result of CIC's breach of the duty of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of $1 million dollars. Plaintiff prays for judgment against CIC in an amount in excess of $1 million dollars in compensatory damages, together with an award of punitive damages as allowed by law to punish CIC for its outrageous conduct and to deter such conduct in the future, plus interest, costs, and attorney fees.

**WHEREFORE**, Plaintiff demands judgment against The Cincinnati Insurance Company as set forth above plus costs, interest, and attorney's fees as allowed by law.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ Michael L. Schultz
Michael L. Schultz (20361-49)
James A. L. Buddenbaum (14511-49)
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN 46204
Telephone: (317) 269-2500
Facsimile: (317) 269-2514
E-mail: mschultz@parrlaw.com
jbuddenbaum@parrlaw.com

Patrick A. King (Pro Hac Vice to be filed)
FABIAN SKLAR KING & LISS
33450 West Twelve Mile Road
Farmington Hills, MI 48331
Telephone: (248) 553-2000
Facsimile: (248) 553-2020
pking@fabiansklar.com

*Attorneys for Plaintiff, 28th Street Superior Hospitality Inc.*

1433580